UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARK JACOB JONES, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00419-WTL-MJD |
| UNITED STATES OF AMERICA, ELIZABETH TRUEBLOOD, | ) |
| Defendants. | ) |

**ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I. Background**

Plaintiff Mark Jacob Jones, Sr. is a prisoner who at all relevant times has been confined within the Bureau of Prisons (BOP) at the Federal Correctional Center in Terre Haute, Indiana (FCC-TH). Mr. Jones filed his complaint on September 17, 2018. Dkt. 1. His claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claim Act (FTCA). More specifically, the claims proceeding in this action are an Eighth Amendment deliberate indifference claim against Dr. Elizabeth Trueblood and a negligence claim against the United States. Dkt. 7.

The defendants moved for summary judgment seeking resolution of all claims on the basis that Mr. Jones failed to exhaust his available administrative remedies. Dkt. 19. Mr. Jones has not opposed the motion for summary judgment and the time for doing so has passed. The action is ripe for resolution.

For the reasons explained in this Entry, the defendants' motion for summary judgment, filed on March 27, 2019, must be **granted**.

## II. Legal Standards

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Jones on or about March 27, 2019. The consequence of Mr. Jones' failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act Exhaustion

The substantive law applicable to a portion of the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendants to demonstrate that Mr. Jones failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III. Discussion

### A. Undisputed Facts

The following facts, unopposed by Mr. Jones and supported by admissible evidence, are accepted as true:

From June 5, 2017, to May 21, 2018, Mr. Jones was housed at FCC–TH. Between the date that Mr. Jones arrived at FCC–TH on June 5, 2017, and the date that he filed this lawsuit on September 17, 2018, Mr. Jones submitted only two administrative remedy requests. Dkt. 19-1 at ¶ 9. The first was related to facility conditions, including the purported presence of asbestos, lead paint, insects, mold, and mildew in the facility, as well as contaminated water, insufficient ventilation, and a lack of air conditioning. *Id.* at ¶ 10. The second was related to the computation of Mr. Jones's sentence. *Id.* at ¶ 11. There is no record of Mr. Jones filing any administrative remedy relating to Dr. Trueblood.

On September 19, 2017, Mr. Jones signed an administrative claim form alleging that "BOP employees were negligent" because they required him to pass through a metal detector despite the fact that he had an implanted pacemaker. Dkt. 1-1 at 6. On September 25, 2017, the BOP North Central Regional Office received that administrative claim. Dkt. 1-1 at 10. On December 28, 2017, the BOP denied it. Dkt. 19-1, at ¶ 12. The denial letter advised Mr. Jones that if he was "dissatisfied" with the denial decision, he could "file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification." *Id.* The denial letter was sent to Mr. Jones by certified mail with tracking number 70151660000027898073. *Id.* at ¶ 13. Mr. Jones signed for it at 10:00 a.m. on January 22, 2018. *Id.*

Mr. Jones signed his complaint in this lawsuit on September 11, 2018, and it was filed on September 17, 2018. Dkt. 1 at 1, 16.

**B.** *Bivens* **Claim**

The Court need not discuss at length the three-step administrative remedy process that federal inmates must complete before filing a civil rights action because it is undisputed that Mr. Jones did not file any grievance, much less complete the process, alleging that Dr. Trueblood

refused to grant Mr. Jones an exemption to the facility's metal detector requirements. The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the [BOP] establishes.…" *Id*.; *see also Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…"). Accordingly, Dr. Trueblood has demonstrated that Mr. Jones failed to exhaust his administrative remedies and she is entitled to summary judgment on the claim brought against her.

### C. FTCA Claim

"An action shall not be instituted upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government …, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675(a). Upon presentment, the agency has six months "to make final disposition" of the claim; after that, the claimant may deem it denied and proceed to file his lawsuit. *Id.* If the agency denies the claim, the claimant has six months from the date of that denial to file a lawsuit. "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Here, the BOP North Central Regional Office received Mr. Jones's tort claim on September 25, 2017, and denied it by letter on December 28, 2017. Dkt. 19-1 at ¶ 12. That letter was sent to Mr. Jones by certified mail, and he signed for it on January 22, 2018, *id.* at ¶ 13, which means it must have been mailed before that date. Even assuming that January 22, 2018, was the date of mailing, Mr. Jones had until Monday July 23, 2018 to file this lawsuit. He did not sign his

complaint, however, until September 11, 2018, and it was not filed until September 17, 2018—approximately seven weeks after the six-month period had ended. Dkt. 1. As such, his FTCA claim is untimely, and the United States is entitled to summary judgment on that claim. *See Goree v. Serio,* 735 F. App'x 894, 895 (7th Cir. 2018) (affirming dismissal of action where plaintiff did not file lawsuit within six months of the date the BOP denied his administrative claim); *Ransom v. United States,* 668 F. App'x 169, 170 (7th Cir. 2016) (affirming dismissal when action was filed five days after the six-month period had run); *Evans v. United States*, No. 2:16-cv-0039-JMS-MJD, 2016 WL 6581153 at *2 (S.D. Ind. Nov. 7, 2016) (dismissing complaint filed four days after the expiration of the six-month period).

### IV. Conclusion

It is undisputed that Mr. Jones did not timely begin and complete the exhaustion process relating to his deliberate indifference claim against Dr. Elizabeth Trueblood. In addition, he did not file this action within six months of when the BOP denied his tort claim. Accordingly, the defendants are entitled to summary judgment on all claims.

For the above reasons, the defendants' unopposed motion for summary judgment, dkt. [19], is **granted.** Final judgment consistent with the screening Entry of December 10, 2018, dkt. 7, and this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/12/2019

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

MARK JACOB JONES, SR.
28222-018
FORT WORTH - FCI
FORT WORTH FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 15330
FORT WORTH, TX 76119

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov